## Thompson, etc., et al. v. Philadelphia Transportation Company

*Richter, Lord & Farage,* for plaintiffs.
*M. A. Coyne,* for defendant.

FLOOD, J., February 17, 1947.—In this negligence case there was a verdict for defendant. Minor plaintiff, riding north on Thirtieth Street on his bicycle,

was injured in a collision with defendant's bus running southeastward on Ridge Avenue, at its intersection with Thirtieth Street. Plaintiffs' complaint is that evidence was introduced as to the ordinance of March 25, 1946, making Thirtieth Street a one-way street and that the trial judge refused to charge that the ordinance had no significance.

In their argument and brief plaintiffs take no exception to the main body of the charge, in which the trial judge said nothing about the one-way street or the effect of the ordinance. They complain only of his failure, as above stated, to charge further at their request that the ordinance was of no significance in the case.

Following plaintiffs' request the trial judge said:

". . . I think it is of some significance. Ordinarily, it wouldn't be negligence, going the wrong way; the mere fact he was going the wrong way . . . doesn't mean anything unless it has something to do with the accident. If it did have something to do with the accident you take it into consideration, but if it didn't have anything to do with the accident you don't."

1. It cannot be said as a matter of law that the ordinance had no significance in the case. It might well be taken into consideration by the jury in passing upon the conduct of defendant's driver. He might well be expected to be more alert with respect to the directions from which he might expect traffic to come, and to the pedestrian crossing, than to traffic coming north in the cartway of a southbound street. By the same token, if the ordinance is valid, it might have a very important bearing upon the question of minor plaintiff's contributory negligence.

2. Plaintiffs argue that even if the ordinance would be logically relevant otherwise, it cannot be considered by the jury because it is unauthorized under The Vehicle Code.

Under section 2 of The Vehicle Code of May 1, 1929, P. L. 905, art. I, sec. 102, as last amended June 29, 1937, P. L. 2329, 75 PS §2, the word "vehicle" is defined so as not to include "bicycle" except for the purposes of article X of the act. Article X says nothing about one-way streets. So, plaintiffs argue, no valid ordinance can be passed providing for one-way traffic for bicycles.

Article XI gives the local authorities power to pass ordinances with regard to one-way streets in the following language: "Local authorities shall have power to . . . prohibit other than one-way traffic upon certain highways . . .": Act of May 1, 1929, P. L. 905, art. XI, sec. 1103, as amended June 5, 1937, P. L. 1718, sec. 9, 75 PS §663. It is to be noted that the word "vehicle" is not used in this clause although it is used in several other places in this article. We then must refer back to section 2 to find the definition of "traffic". "Traffic" is there defined as "Pedestrians, vehicles and street cars either singly or together, while using any highway for purposes of travel". It is true that this definition does not include bicycles but when it includes pedestrians as well as vehicles it seems to be indicated that bicycles can be regulated, since they are in a class somewhere intermediate between pedestrians and vehicles for this purpose. It is our opinion therefore that the local authorities have power to provide for one-way traffic of bicycles as well as of other vehicles.

3. We are therefore faced with the question as to whether the ordinance in this case did actually provide for the regulation of bicycles as well as automobiles when it made Thirtieth Street a one-way street. It is clear that it does. The ordinance approved March 25, 1946, reënacting the ordinance of August 29, 1939, applies by its title to bicycles, and in section 2 defines "vehicle" as "every device . . . by which person or property . . . may be transported . . . upon a public highway". Section 41 of the ordinance, regulating one-

way streets applies to all "vehicular traffic". While Schedule E of the ordinance of August 29, 1939, as originally adopted, did not include Thirtieth Street at this point, it was included therein prior to May 30, 1945, the date of the accident. Of this we may take judicial notice: Act of April 8, 1941, P. L. 16, sec. 1, 28 PS §301.

4. Plaintiffs finally argue that the ordinance was ineffective, because the streets were not properly posted. The enabling act provides (in section 1106 of the Act of 1929, as amended, 75 PS §682) :

"Local parking and other local ordinances, rules, and regulations shall not be enforceable against an alleged violator, if, at the time and place of the alleged violation, an official sign, giving notice thereof, is not posted conspicuously by the municipalities making the same, at points where any highway affected thereby joins other highways."

It is argued that this street was posted only north of Diamond Street and since there was no one-way traffic sign south of Diamond Street, where minor plaintiff was traveling the ordinance cannot be effective as to him. However, the testimony shows that there were one-way traffic signs at Fontain Street and at another small street between Diamond and Norris Streets and another sign at the north side of Norris Street. It seems to us that signs posted at each intersection in the block south of Diamond Street would preclude any successful argument that the ordinance was ineffective because of insufficient posting. Obviously the signs should be posted at some point at the intersection where they will be likely to warn persons against going the wrong way. For a southbound street this is obviously on the north side, rather than the south side of the intersection. It seems to us that a posting at the north side of each intersecting street is sufficient.

The motion for new trial is overruled.